**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **CRYPTOPEAK SOLUTIONS, LLC,** | |
| Plaintiff, | Case No. 2:15-cv-1800 |
| v. | **PATENT CASE** |
| **THE PRICELINE GROUP INC.,** **KAYAK SOFTWARE CORPORATION,** **and OPENTABLE, INC.,** | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT

Plaintiff CryptoPeak Solutions, LLC, files this Complaint against Defendants The Priceline Group Inc., KAYAK Software Corporation, and OpenTable, Inc., for infringement of certain claims of United States Patent No. 6,202,150 (the "'150 Patent").

## PARTIES AND JURISDICTION

1.      This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3.      Plaintiff CryptoPeak Solutions, LLC ("Plaintiff" or "CryptoPeak"), is a Texas limited liability company with its principal office located in the Eastern District of Texas, at 211 E. Tyler St., Suite 600-A, Longview, Texas 75601.

4.      Upon information and belief, Defendant The Priceline Group Inc. ("Priceline"), is a Delaware corporation with a principal office located at 800 Connecticut Avenue, Norwalk, Connecticut 06854.

5.      Upon information and belief, Defendant KAYAK Software Corporation ("KAYAK") is a Delaware corporation with a principal office located at 7 Market Street, Stamford, Connecticut 06902.

6.      Upon information and belief, Defendant OpenTable, Inc. ("OpenTable"), is a Delaware corporation with a principal office located at 1 Montgomery Street, Suite 700, San Francisco, California 94104.

7.      The Priceline Group Inc., KAYAK Software Corporation, and OpenTable, Inc., are collectively referred to as "Defendants."

8.      This Court has personal jurisdiction over Defendants because Defendants have committed, and continue to commit, acts of infringement in the state of Texas, have conducted business in the state of Texas, have directed interactive websites at Texas, and/or have engaged in continuous and systematic activities in the state of Texas.

9.      On information and belief, within the State of Texas and the Eastern District of Texas, Defendants have used the patented invention with the websites and functionality identified herein below.  In addition, on information and belief, Defendants have derived substantial revenues from their infringing acts within the State of Texas and the Eastern District of Texas.

10.      Defendants are related companies that are all part of a common corporate family, and therefore their joinder as co-defendants is proper in this case.  In addition, Defendant Priceline is implicated as a relevant actor and/or infringer with respect to all websites accused of infringement in this case, which is a further reason why joinder of all named Defendants is proper in this case.

## VENUE

11.     Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendants are deemed to reside in this district.  In addition, and in the alternative, Defendants have committed acts of infringement in this district.

## COUNT I
## (INFRINGEMENT OF CERTAIN CLAIMS OF U.S. PATENT NO. 6,202,150)

### General Allegations

12.     Plaintiff incorporates paragraphs 1 through 11 herein by reference.

13.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

14.     Plaintiff is the owner by assignment of the '150 Patent with sole rights to enforce the '150 Patent and sue infringers.

15.     A copy of the '150 Patent, titled "Auto-Escrowable and Auto-Certifiable Cryptosystems," is attached hereto as Exhibit A.

16.     The '150 Patent is valid and enforceable, and it was duly issued in full compliance with Title 35 of the United States Code.

### Factual Background Related to the Inventors and the '150 Patent

17.     The application that resulted in the '150 Patent was filed on May 28, 1997.  The inventors are Dr. Adam L. Young and Dr. M. M. ("Moti") Yung.  Both Dr. Yung and Dr. Young are noted and accomplished experts in the field of the invention of the '150 Patent, which is cryptology.  In short, cryptology is the science and practice of designing computation and communication systems which are secure in the presence of adversaries.  (*See* the website of the International Association for Cryptologic Research, https://www.iacr.org/.)

18.     Dr. Moti Yung obtained his Ph.D. in Computer Science in 1988 at Columbia University.  His professional career includes research and technical work for IBM, RSA Security (now a division of EMC), and Google.  He has been an adjunct professor for many years at Columbia University, serving on Ph.D. committees and advising more than 60 Ph.D. students. He is an author or co-author of more than 300 refereed abstracts and journal papers, including several in collaboration with Dr. Young.  He is an inventor on dozens of issued U.S. patents.  He is a Fellow of the ACM (Association for Computing Machinery), the IACR (International Association for Cryptologic Research), and the IEEE (Institute of Electrical and Electronics Engineers).

19.     Dr. Adam Young obtained his Ph.D. in Computer Science in 2002 at Columbia University.  His professional career includes research and technical work for Lucent, Lockheed Martin, MITRE Corporation, and Bloomberg.  He has been a guest lecturer at NYU and Rensselaer Polytechnic Institute.  He is an author or co-author of more than three dozen papers and journal articles, including several with Dr. Yung.  He is an inventor on at least 8 issued U.S. patents.

20.     Dr. Yung and Dr. Young also co-authored a book published in 2004, entitled "Malicious Cryptography: Exposing Cryptovirology."

21.     The '150 Patent is a prominent patent in its field.  It has been forward-cited as prior art in connection with the examination of at least 20 subsequently-issued U.S. patents, including patents originally assigned to such prominent technology companies as Microsoft, HP, General Instrument, Ricoh and Sundard.

22.     Moreover, the invention of the '150 Patent was sufficiently prominent that an article, entitled "Auto-Recoverable Auto-Certifiable Cryptosystems," which is related to the

subject matter of the '150 Patent, was published and presented by Drs. Yung and Young in connection with the prestigious EUROCRYPT '98 conference in Espoo, Finland.  EUROCRYPT is an annual conference that has been held since 1982, and it is one of the IACR's three flagship conferences, along with CRYPTO and ASIACRYPT.

**Allegations of Direct Infringement**

23.     Upon information and belief, Defendants have infringed and continue to directly infringe one or more claims of the '150 Patent, including at least Claim 1.

24.     In addition to Claim 1, Plaintiff may assert the following claims of the '150 Patent in this case:  Claims 2 through 4, and Claim 17.  Claims 1, 2, 3, 4 and 17 are referred to collectively as the Potentially Asserted Claims.  Notwithstanding that they generically recite the existence of "apparatus" in their preambles, each of the Potentially Asserted Claims is a method claim comprising certain steps that must be performed in order for infringement to occur.  This Amended Complaint alleges direct infringement of one or more of these method claims by Defendants, as described in more detail below.

25.     Plaintiff does not assert any of the following claims of the '150 Patent in this case:  Claims 5 through 16, and Claims 18 through 59 (collectively, the "Unasserted Claims").  Plaintiff will not assert the Unasserted Claims in this case in the future.

26.     Defendants have committed direct infringement by their actions that comprise using one or more websites that utilize Elliptic Curve Cryptography ("ECC") Cipher Suites for the Transport Layer Security ("TLS") protocol (the "Accused Instrumentalities").

27.     Representative examples of websites owned, operated and/or controlled by Defendants that utilize ECC Cipher Suites for TLS are:

- priceline.com, which is owned, operated and/or controlled by Defendant Priceline;

- secure.booking.com, which is owned, operated and/or controlled by Defendant Priceline;

- my.agoda.com, which is owned, operated and/or controlled by Defendant Priceline;

- secure.rentalcars.com, which is owned, operated and/or controlled by Defendant Priceline;

- kayak.com, which is owned, operated and/or controlled by Defendants Priceline and KAYAK; and

- secure.opentable.com which is owned, operated and/or controlled by Defendants Priceline and OpenTable.

**Irreparable Harm**

28.    Defendants' actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

**DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of all issues so triable by right.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court to:

a)    Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

b)    Enjoin Defendants, their agents, officers, servants, employees, attorneys and all persons in active concert or participation with Defendants who receive notice of the order from further infringement of United States Patent No. 6,202,150 (or, in the

alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

c)   Award Plaintiff damages resulting from Defendants' infringement in accordance with 35 U.S.C. § 284;

d)   Declare this an "exceptional case" pursuant to 35 U.S.C. § 285 and award Plaintiff its attorney's fees and any other appropriate relief;

e)   Award Plaintiff pre-judgment and post-judgment interest and costs; and

f)   Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.


Dated: November 20, 2015                    Respectfully submitted,


                                             */s/ Craig Tadlock*
                                             Craig Tadlock
                                             State Bar No. 00791766
                                             John J. Harvey, Jr.
                                             State Bar No. 09179770
                                             Keith Smiley
                                             State Bar No. 24067869
                                             **TADLOCK LAW FIRM PLLC**
                                             2701 Dallas Parkway, Suite 360
                                             Plano, Texas 75093
                                             903-730-6789
                                             craig@tadlocklawfirm.com
                                             john@tadlocklawfirm.com
                                             keith@tadlocklawfirm.com

                                             ***Attorneys for Plaintiff CryptoPeak Solutions, LLC***